IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Case No. |
| **CORDIA SENIOR LIVING,** | ) ) ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Charging Party Peter Masnyk ("Masnyk" or "Charging Party") who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant Cordia Senior Living ("Defendant" or "Cordia") discriminated against Charging Party by terminating his employment in retaliation for complaining about sexual harassment, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES AND OTHER PERSONS

3. Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Illinois and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

6. Charging Party was hired by Defendant on or about January 1, 2010 and discharged by Defendant on or about September 1, 2010.

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

8. On September 25, 2012, EEOC found reasonable cause to believe that Cordia discriminated against the Charging Party in retaliation for engaging in protected activity, in that he was discharged, in violation of Title VII.

9. On September 25, 2012, EEOC invited Cordia to engage in informal conciliation efforts to eliminate the practices found unlawful.

10. By letter dated October 18, 2012, EEOC informed Cordia that EEOC was unable to secure from Cordia a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of the lawsuit have been fulfilled.

12. Charging Party complained about sexual harassment to Cordia management on at least three separate occasions and was thereafter terminated.

13. Since at least 2010, Defendant has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a). These practices include terminating Charging Party in retaliation for complaining about sexual harassment.

14. The effect of the practices complained of above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect his status as an employee in retaliation for complaining about harassment.

15. The unlawful employment practices complained of in paragraph 12 above were intentional.

16. The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of sex and/or retaliation;

B.      Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees and which eradicate the effects of its past and present unlawful practices;

C.      Order Defendant to make whole Charging Party by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practice, including, but not limited to, rightful place reinstatement;

D.      Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above, including, but not limited to, job search expenses, in amounts to be determined at trial;

E.      Order Defendant to make whole Charging Party by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

F.      Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraph 12 above, in amounts to be determined at trial;

G.      Grant such further relief as the Court deems necessary and proper in the public interest; and

H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

David Lopez
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney


/s/ Gregory M. Gochanour
Gregory M. Gochanour
Supervisory Trial Attorney

/s/ Laurie S. Elkin
Laurie S. Elkin
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
312-869-8107